

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 7, 1950

Hon. B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Opinion No. V-1040

Re: The disposition to be made
of funds received in delin-
quent tax cases from prop-
erty purchased by a taxing
unit, as trustee for all tax-
ing units, and sold prior to
expiration of redemption
period, and related ques-
tion.

Dear Mr. McKee:

You request the opinion of this office upon two questions,
both of which deal with sales of property purchased by a taxing
unit, as trustee for the benefit of all taxing units, parties to the
suit, and subsequently sold by the taxing unit, prior to the expira-
tion of the period of redemption.

Your questions may be stated as follows: (1) How should
the proceeds of the second sale by the purchasing taxing unit be
disposed of if the sale is made prior to the expiration of the re-
demption period; (2) if the property is sold for an amount in ex-
cess of the judgment, costs and expenses at a second sale, is
the owner required to pay statutory penalty upon such excess in
order to redeem.

The answer to both your questions is found in Sections
9,12, and 12-a of Article 7345b, V.C.S.

These statutes are rather lengthy, and we do not deem
it necessary to set them out in full, but only the pertinent parts.
Briefly, Section 9 of the statute provides the method and manner
for a second sale by the purchasing taxing unit. After thus pro-
viding, the statute directs that the purchase price be disposed
of as follows:

"When such property is so sold at public or pri-
vate sale, the proceeds thereof shall be received by or

paid over to the taxing unit which purchased said property at the tax foreclosure sale, for the account of itself and all other taxing units adjudged to have a tax lien against such property, and all taxing units so receiving said proceeds shall first pay out of the same all costs and expenses of Court and of sale, and dis- tribute the remainder among all taxing units for which purchasing taxing unit purchased and held said property, pro rata and in proportion to the amounts of their tax liens against said property as established in said judgment."

Thus it is quite apparent that the purchasing taxing unit should distribute the proceeds of the second sale, after first paying all costs and expenses of the sale, to the respective taxing units, parties to the suit, upon a pro rata basis in proportion to the amounts of their tax liens adjudged against the property as established by the judgment. This, of course, is true regardless of whether the second sale is a private or public sale. This answers your first question.

In answer to your second question, said Section 9 of the statute further specifically provides as follows:

". . . provided, if the period for the redemption of said property from said tax foreclosure sale has not expired at the time of said sale, said conveyance shall be made expressly subject to the right of redemption provided in Section 12 of said Act."

In this connection it is only necessary to say that the amount received by the purchasing taxing unit at a second sale has nothing to do with the amount required to be paid by the owner to redeem. This is governed by the amount bid at the first sale, which must conform to the terms and conditions provided for in Section 9.

The amount required to be paid by the owner or others entitled to redeem under the provisions of Section 12 of said Article is governed exclusively by the provisions of said section, and this regardless of whether the first sale is to a taxing unit or to a private purchaser; and no greater amount is required to redeem than that provided for by this section of the statute, and

the addition of any further penalty is wholly unauthorized.

From the foregoing it is clear that when a second sale is made by a purchasing taxing unit, either at private or public sale, before the redemption period has expired, the entire proceeds after the payment of costs and expenses of the sale, shall be distributed pro rata among all the participating taxing units in proportion to the amount of taxes, penalties and interest adjudged in favor of each. The amount received by the selling taxing unit at the second sale has nothing to do with the amount required to redeem. This is governed by the bid at the first sale, and no greater amount may be exacted than that provided in Section 12 of Article 7345b, V.C.S.

## SUMMARY

Under the provisions of Section 9 of Article 7345b, V.C.S., the purchasing taxing unit should distribute the proceeds of the second sale whether made before or after the expiration of the period of redemption, after paying the costs and expenses of the sale, among all taxing units pro rata and in proportion to the amounts of their tax liens as established by the judgment. Section 12 of said Article specifies the amount required to redeem and refers to the first sale and not the second. No greater amount may be exacted to redeem than that specified.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

By  L. P. Lollar
L. P. Lollar
Assistant

LPL/mwb/f